**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza, Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Deborah J. Piazza, Esq.
Rocco A. Cavaliere, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

In re

JZRM CORPORATION, et al.,

                           Debtor.

-------------------------------------------------------------X

DEBORAH J. PIAZZA, as CHAPTER 7
TRUSTEE, of JZRM CORPORATION, HRI
CONSULTING INC., AND MZRJ INC.,

                           Plaintiff,

   -against-

IMPERIAL BAG & PAPER CO.,

                           Defendant.

-----------------------------------------------------------------X

Chapter 7

Case No. 19-11416 (CGM)

(Jointly Administered)

Adv. Pro. No. _____

## COMPLAINT

Deborah J. Piazza, as Chapter 7 trustee (the "**Plaintiff**" or "**Trustee**") of the jointly administered estates of JZRM Corporation ("**JZRM**"), HRI Consulting Inc. ("**HRI**"), and MZRJ Inc. ("**MRZJ**", collectively with JZRM and HRI, the **"Debtors")** by and through the Trustee's counsel, Tarter Krinsky & Drogin LLP, brings this Complaint against defendant Imperial Bag & Paper Co. ("**Imperial"** or "**Defendant**"), and respectfully alleges as follows:

{Client/086170/1/02377518.DOCX;1 }

## NATURE OF THE ACTION

1. This is an adversary proceeding brought by the Trustee to avoid and recover preferential and fraudulent transfers pursuant to 11 U.S.C. §§ 547, 548 and 550, made by one or more of the Debtors to and/or for the benefit of the Defendant, plus applicable interest thereon, and to disallow claims pursuant to 11 U.S.C. § 502(d), together with any related relief.

## THE PARTIES

2. The Trustee is a resident of the State of New York and is a licensed attorney maintaining an office at c/o Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018

3. Defendant is a corporate entity. Upon information and belief, at all relevant times, Defendant had and has a business address at 255 Route 1 and 9, Jersey City, New Jersey 07306.

## JURISDICTION AND VENUE

5. The United States District Court for the Southern District of New York (the "**District Court**") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. By virtue of 28 U.S.C. § 157(a) and the Amended Standing Order of Reference dated January 31, 2012 of Chief Judge Loretta A. Preska of the District Court, this proceeding is automatically referred to the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

6. This adversary proceeding is a core proceeding under, among other things, 28 U.S.C. § 157(b)(2)(A), (F) and (H). Since this is a core proceeding, the Bankruptcy Court has

jurisdiction and power under 28 U.S.C. § 157(b) to hear and determine this adversary proceeding. The Trustee consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7. This adversary proceeding is commenced pursuant to the United States Bankruptcy Code (the "**Bankruptcy Code**") §§ 502, 547, 548 and 550, the general equity powers of the Bankruptcy Court, and is also commenced pursuant to Rules 6009, 7001 and 7008 of the Federal Rules of Bankruptcy Procedure to recover money or property of the estates.

### FACTS

#### General

8. Upon information and belief, at all relevant times, the Debtors' liabilities exceeded their assets.

9. Upon information and belief, at all relevant times, the Debtors were unable to pay their obligations as they became due.

10. On April 30, 2019 (the "**JZRM/HRI Petition Date**"), the Debtors JZRM and HRI each commenced voluntary bankruptcy cases under Chapter 11 of the Bankruptcy Code in this Court.

11. On May 6, 2019 (the "**MRZJ Petition Date,** together with then JZRM/HRI Petition Date, the **"Petition Dates"**), Debtor MRZJ commenced a voluntary bankruptcy case under Chapter 11 of the Bankruptcy Code in this Court.

12. On December 5, 2019, the Debtors' cases were jointly administered.

13. On December 5, 2019, the Debtors' chapter 11 cases were converted to cases under Chapter 7 of the Bankruptcy Code.

14. On or about December 5, 2019, the Trustee was appointed interim Trustee of the Debtors' estates, and was subsequently designated as the permanent Trustee by operation of law.

15. The Debtors operated a collection business prior to the filing of these bankruptcy cases. The Debtors' principal place of business was 254 S. Main Street, Suite 406, New City, NY 10956.

16. Upon information and belief, the Debtors may have been alter egos, although the Trustee has not yet made a determination in that regard and thus, the Debtors are not yet substantively consolidated.

17. The Defendant was a client of the Debtors. At various times, the Debtors and attorneys retained by the Debtors or their clients pursued recoveries of amounts owed to Defendant by its own account debtors.

18. The Debtors had complete control over their bank accounts. The Debtors did not segregate their bank accounts to account for working capital or recoveries of amounts for the benefit of the Defendant. As a result, the Debtors' working capital as well as any recoveries for the benefit of its own clients were commingled in the Debtors' bank accounts. Upon information and belief, when the Debtors had sufficient cash flow, they would then turn over any recoveries due their clients, including Defendant. Further, upon information and belief, when the Debtors could not fund from their accounts monies owed to their clients, including Defendant, the Debtors would charge the amount owed to clients, including Defendant, on the Debtors' credit card statements.

19. Pursuant to a review of the Debtors' books and records and information in the possession of the Trustee and/or the Trustee's knowledge, upon information and belief, the Debtors made numerous transfers of monies aggregating $63,285.36 (the "**Transfers**") as more fully set forth in **Exhibit "A"** to this Complaint from MRZJ's bank accounts in the ninety days prior to the MRZJ Petition Date, i.e. from February 4, 2019 to May 5, 2019 to, and/or for the benefit of, Defendant, which may be avoided under the Bankruptcy Code.

20. The Trustee reserves the right to supplement the list of Transfers on **Exhibit "A"** and supplement and/or amend this Complaint as necessary or appropriate to assert any other claims against Defendant that the Trustee may discover during the course of this proceeding.

**COUNT ONE**

**AVOIDANCE AND RECOVERY OF TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547 AND 550(a)(1)**

21. The Trustee realleges and incorporates each of the above allegations as if fully set forth herein.

22. The Transfers were property of one or more of the Debtors made by the Debtors to Defendant during the ninety days prior to the Petition Dates.

23. The Transfers were made while the Debtors were insolvent.

24. The Transfers enabled Defendant to receive more than they would have received as a creditor in a case under Chapter 7 of the Bankruptcy Code and the payments had not previously been made.

25. Accordingly, pursuant to section 547 of the Bankruptcy Code, the Trustee is entitled to a judgment avoiding the Transfers that Defendant received from the Debtors

within the ninety day period prior to the Petition Dates. Additionally, pursuant to Section 550(a)(1) of the Bankruptcy Code, the Trustee may recover from the Defendant the value of the Transfers in an amount to be proven at trial, but in no event less than $63,285.36, together with interest thereon, for the benefit of the Debtors' estates.

## COUNT TWO

### FOR AVOIDANCE AND RECOVERY OF THE TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) AND 550(A)(1)

26. The Trustee realleges and incorporates each of the above allegations as if fully set forth herein.

27. The Transfers are avoidable pursuant to section 548(a)(1)(B) because some or all of the Transfers caused the Debtors to: (a) receive less than reasonably equivalent value in exchange for each transfer made; (b) at a time in which the Debtors were insolvent on the date that each transfer was made, or became insolvent as a result of the transfers; and (c) incur debts that would be beyond the Debtors' ability to pay as such debts matured.

28. In the event that the Debtors are not deemed to be alter egos and the cases are not substantively consolidated, the Transfers may further be avoided as MRZJ made a payment on account of an obligation of one of the other Debtors JZRM or HRI.

29. Accordingly, pursuant to sections 548(a)(1)(B) and 550(a)(1) of the Bankruptcy Code, the Trustee is entitled to avoid the Transfers, and concomitantly, to recover from Defendant for the benefit of the estate, the value of the Transfers in an amount to be determined at trial, but in no event less than $63,285.35, as well as any additional avoidable amounts of such transfers made to and/or for the benefit of the Defendant uncovered during discovery, plus interest thereon, and reasonable attorney's fees.

## COUNT THREE

## TO DISALLOW CLAIMS UNDER 11 U.S.C. § 502(d)

30. The Trustee realleges and incorporates each of the above allegations as if fully set forth herein. To the extent that the Transfers are avoided under section 547 or 548 and are therefore recoverable under section 550 of the Bankruptcy Code, any claim or claims asserted by Defendant against the Debtors are subject to mandatory disallowance pursuant to section 502(d) of the Bankruptcy Code, unless and until the amount(s) of the avoided transfer(s) are turned over to the estates.

## RESERVATION OF RIGHTS

31. As the statute limitations for breach of contract has not yet expired, to the extent that the Trustee learns that the Defendant owes the Debtors a collection fee on account of the Transfers, the Trustee reserves the right to make a separate demand on the Defendant.

**WHEREFORE,** Plaintiff respectfully requests entry of judgment for the Trustee and against the Defendant, as follows:

(a) On Count One, a determination that the Transfers received by Defendant within the ninety day year period prior to the Petition Dates constituted preferential transfers subject to avoidance under section 547(b) of the Bankruptcy Code, and judgment for the recovery of such transfers from Defendant in an amount to be determined at trial, but in no event less than $63,285.35, as well as the amounts of any additional avoidable preferential transfers to and/or for the benefit of Defendant uncovered during discovery, plus interest thereon, under section 550(a)(1) of the Bankruptcy Code, and directing that a constructive trust be imposed on Defendant's assets, including any and all bank accounts, to prevent transfers therefrom in the foregoing amounts;

(b) On Count Two, a determination that the Transfers constituted constructively fraudulent transfers subject to avoidance under section 548(a)(1)(B) of the Bankruptcy Code, and judgment pursuant to section 550(a)(1) for the recovery of such transfers from Defendant, in an amount to be determined at trial, but in no event less than $63,285.35, as well as any additional avoidable amounts of such transfers made to and/or for the benefit of Defendant uncovered during discovery, plus interest thereon, and directing that a constructive trust be imposed on Defendant's assets, including any and all bank accounts, to prevent transfers therefrom in the foregoing amounts;

(c) On Count Three, a determination that to the extent that any transfers made by Debtors to Defendant are avoidable under section 547 or 548 of the Bankruptcy Code and are therefore recoverable under 550 of the Bankruptcy Code, any claim or claims of Defendant asserted against Debtors, or their estates are subject to mandatory disallowance pursuant to section 502(d) of the Bankruptcy Code, unless and until the amounts all of such transfers are paid to the Trustee;

(d) Awarding attorney's fees and costs; and

(e) For such other and further relief as this Court deems just and equitable.

Dated: New York, New York
       April 29, 2021

       **TARTER KRINSKY & DROGIN LLP**
       *Counsel to the Chapter 7 Trustee*

       By: */s/Rocco A. Cavaliere*
       Deborah J. Piazza
       Rocco A. Cavaliere
       1350 Broadway, 11th Floor
       New York, New York 10018
       (212) 216-8000
       dpiazza@tarterkrinsky.com
       rcavaliere@tarterkrinsky.com

**EXHIBIT A**

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 03/04/19 | Check (No. 1813) | $63,285.35 |
| | | |
| | **TOTAL:** | **$63,285.35** |